OLIVER CONSTRUCTION COMPANY *v*. ERBACHER.

Opinion delivered November 21, 1921. ·

1.  CONTRACTS—CONSTRUCTION.—Where a contractor agreed to become liable for all outstanding bills against a subcontractor "for work and labor and material, services done for and furnished to" the subcontractor, this did not bind the contractor to pay the meat bill of the subcontractor incurred in boarding employees.

2.  CONTRACTS—CONSTRUCTION.—A stipulation in the contract between a road contractor and the road district that the contractor should pay "for work and labor done, material, machinery, appliances and supplies of every kind and nature furnished and used in and about the work contemplated in the contract" did not · bind the contractor to pay the meat bill of a subcontractor incurred in boarding employees.

·3.  PRINCIPAL AND AGENT—AUTHORITY OF AGENT.—An agency cannot be presumed, but must be established by proof, and one dealing with an agent is bound to ascertain the extent of his authority.

4.  PRINCIPAL AND AGENT—AUTHORITY OF AGENT.—An agent of a contractor, authorized to pay bills for labor and materials entering into construction of a road, was not authorized to bind the contractor to pay for meat furnished to a subcontractor, which was used in feeding employees.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; reversed.

*Coleman, Robinson & House,* for appellant.

1.  In the contract between the appellant and Rich, the former agreed to assume the payment of bills owed by the latter for work, labor and material.   It did not obligate appellant to pay debts of a different nature.

Before appellees could recover under this contract, they must show by the contract itself that the parties at the time of its execution had appellees in contemplation, and intended a direct benefit to appellees by virtue of the agreement.   121 Ark. 414; 128 *Id.* 149; 101 *Id.* 223.

2.  Appellees failed to establish a valid oral agreement between appellant and themselves because, 1st, there was no consideration for Smith's alleged promise; 2nd, the alleged promise not being in writing, falls within the statute of frauds, and 3rd, the uncontradicted evi-

dence shows that he had no authority to make such agreement binding upon appellant. C. & M. Digest, § 4862; 3 Cook on Corporations, 7th Ed., § 720 and cases cited. The burden of proving Smith's authority was on appellee. 21 R. C. L. par. 36. One who deals with an agent is bound to ascertain the nature and extent of his authority. 55 Ark. 627; 92 *Id.* 315; 94 *Id.* 301. The authority of an agent to bind his principal will not be presumed, neither is it proved by his own acts and declarations. 132 Ark. 155; 140 *Id.* 306.

3. Appellee was not a party to the contract between appellant and the road improvement district, neither was the subcontractor who incurred the debt to appellee a party to that contract. There can be no liability on the part of appellant to appellee for the subcontractor's debt, growing out of the original contract. 121 Ark. 414; 128 *Id.* 149; 101 *Id.* 223.

Moreover, it was too late to plead liability under the original contract, at the time the amendment was offered. The court erred in reopening the case. C. & M. Digest, § 6529; 129 Ark. 253; 138 *Id.* 606; 75 *Id.* 465.

*J. H. Dunn,* for appellees.

1. As to the oral agreement, it is well settled that a promise to one party to pay a third party, upon sufficient consideration, is an original undertaking, and not within the statute of frauds. 103 Ark. 407; 31 *Id.* 411.

2. Appellees are beneficiaries under the memorandum agreement between appellant and Rich, and also under the contract between the appellant and the road improvement district, and as such they had the right to sue. 31 Ark. 411; *Id.* 155; 46 *Id.* 132; 93 *Id.* 346.

3. It was within the discretion of the court to permit the amendment of the complaint. 1 Standard, Enc. of Proc. 874-876.

Humphreys, J. This suit was commenced by appellees against appellant in a magistrate's court in Cadron Township, Faulkner County, Arkansas, to recover the sum of $181 for meat furnished by appellees to J. F. Rich, a subcontractor under appellant, which had a con-

tract with the Conway-Damascus Road Improvement District to construct a road from Conway to Damascus and had given a bond under the provisions of Act No. 466 of the General Assembly of the State of Arkansas approved June 2, 1911. (Gen. Acts 1911, p. 462).

Under the allegations of the complaint filed before the justice of the peace it was sought to charge appellant with the debt upon two grounds: *first,* that appellant had bound itself by written contract with J. F. Rich, its subcontractor, to pay said indebtedness as a part of the consideration for surrendering his contract for grading the road back to appellant; and, *second,* that appellant bound itself by oral agreement with appellees to pay said indebtedness upon appellees' release of the obligation against J. F. Rich, its subcontractor.

A default judgment was rendered in the magistrate's court for said sum against appellant, from which an appeal was duly prosecuted to the circuit court, where the cause was tried *de novo* by the circuit court sitting as a jury by the consent of the parties. At the conclusion of the testimony the court took the case under advisement until a later date in the term, at which time, over objection and exception of appellant, the case was re-opened, the complaint amended to also charge liability against appellant for the indebtedness under the provisions of the original contract entered into between appellant and the Conway-Damascus Road Improvement District for the construction of the road, and additional evidence introduced in support of the amendment. Thereafter the court rendered a judgment in favor of appellees for the sum of $181 with six per cent. interest thereon from December 20, 1920, from which an appeal was duly prosecuted to this court.

The written memorandum of agreement between appellant and its subcontractor, J. F. Rich, upon which appellees rely as fixing liability for the account upon appellant, is as follows: "Whereas, on August 3, 1920, the Oliver Construction Company and J. F. Rich did en-

ter into a contract whereby the said J. F. Rich did agree to do certain work in the construction of the road being constructed by the Conway and Damascus Road District of Faulkner County, Arkansas, for the consideration set forth in said contract; and whereas, the said J. F. Rich now finds himself unable to proceed with said contract and desires to release therefrom; and whereas, certain sums are due to said J. F. Rich for said work, and said J. F. Rich is indebted to various parties for work and labor and material, services done for and furnished to J. F. Rich in and about the prosecution of said work; now in consideration of the premises the said J. F. Rich does hereby release and surrender to the Oliver Construction Company said contract and all rights thereunder, and does acknowledge full payment and settlement of all amounts due and owing to him from the Oliver Construction Company thereunder; and the Oliver Construction Company does hereby agree that it will assume and pay off all valid claims against the said J. F. Rich for work and labor and material, services and done for and furnished to said J. F. Rich in and about the prosecution of said work. This_____ day of November, 1920.'' Signed by Oliver Construction Company and J. F. Rich.

The clause in the original contract between appellant and the Conway-Damascus Road Improvement District under which the appellees seek to charge appellant for the meat bill is as follows: ''The contractor shall pay promptly when due for work and labor done, material, machinery, appliances and supplies of every kind and nature furnished and used in and about the work contemplated in the contract; and the contractor shall file, within ten days after receiving the notice provided for in paragraph 10 of this contract, a bond as provided by section 2 of act No. 446 of the General Assembly, approved June 2, 1911. Should the contractor fail to file said bond, the board may, at its option, require the contractor to file at such time as it may direct, with it, written receipts and releases from all persons and cor-

porations furnishing any material, labor, machinery, or appliances in said work or any part thereof.''

The evidence responsive to the issue of whether appellant became responsible for the indebtedness under an oral contract assuming it, is in substance, as follows:

Appellant entered into a contract with the Conway-Damascus Road Improvement District to build a road from Conway to Damascus in Faulkner County. J. F. Rich procured a contract from appellant to grade the road. During the time he was grading the road he maintained boarding camps for his laborers, and in settling with the laborers at stated intervals deducted their board bills from their wages. The account sued upon was a balance due appellees for meat furnished by them for consumption in the boarding camps. J. F. Rich issued a check on the Conway Bank to appellees to cover the account. Before cashing same, it developed that Rich was unable to complete his contract, and he was released therefrom by appellant.

J. E. Erbacher, one of the appellees, testified that Rich requested the return of the check, stating that appellant would pay the amount; that he interviewed R. S. Smith, a representative of appellant, who agreed to pay the account, and requested an itemized statement thereof; that he returned the check, and therefore looked to appellant for the debt; that he itemized the account as per request and gave it to Smith, who agreed to take it up; that he called on Smith a week later, who then said, if anything was due J. F. Rich under the contract after paying the labor, he would apply it on the debt.

Charley Jones testified, over the objection and exception of appellant, that during the time J. F. Rich was grading the road the Jones Milling Company furnished him feed and flour to the amount of $597.05 for which the Oliver Construction Company, by its president, R. B. Oliver, later executed its note payable in sixty days after date.

R. S. Smith testified that he was an agent of appellant, and as such had charge of the books and payrolls

for it in connection with the construction of the road; that he deducted the board bills from the wages of the laborers on the payrolls turned over to him by J. F. Rich before paying them; that he told appellees if any money was left after paying the labor which belonged to J. F. Rich he would pay it on the meat bill; that he had that authority; that he did not agree to pay the bill, as he had no authority to do so.

W. R. Emmit, vice-president and secretary of appellant, testified that he did not agree to pay the account, and that R. S. Smith had no authority beyond paying labor and material with money furnished him for that purpose; that Smith had no authority to promise to pay other accounts.

Appellant insists that appellees' claim is not within and protected by its written contract with J. F. Rich, assuming certain of his indebtedness, nor the original contract between it and the road district. We think the contention is correct. The contract between appellant and Rich, in specific terms, covered bills for work, labor and material only; and while the language in the original contract between appellant and the road district is extended to include supplies, the context clearly indicates that it relates to supplies which should enter into the construction of the road. We find nothing in the language or context, when given a natural construction, which would include meat furnished to a sub-contractor. Thus interpreting the meaning of the contract, it becomes unnecessary to determine whether any privity existed between the promises in the contract and appellees.

Appellant also insists that it is not liable under oral contract to pay the account. The contention is that R. S. Smith was without authority to make the alleged oral agreement assuming the payment of the debt; that, if made, it was without consideration, and also within the statute of frauds. It is true that J. E. Erbacher testified that R. S. Smith was the representative of appellant, but that he did not pretend to testify as to the extent of

his authority. The rule is well established that an agency cannot be presumed, but must be established by proof, and that one dealing with an agent is bound to ascertain the extent of his authority. *Liddell* v. *Sahline,* 55 Ark. 627; *Latham* v. *First National Bank,* 92 Ark. 315; *Wilson* v. *Shocklee,* 94 Ark. 301; *Wales-Riggs Plantation* v. *Grooms,* 132 Ark. 155; *Pierce* v. *Fioretti,* 140 Ark. 306.

R. S. Smith, the book-keeper, and W. R. Emmit, vice-president and secretary of appellant, testified that the authority conferred upon Smith was limited to the payment of accounts for labor and material entering into the construction of the road with money furnished him for that purpose. According to the undisputed evidence therefore, the alleged oral contract of Smith, assuming to pay the meat bill, was made without authority, if made at all. In this view, it is unnecessary to determine whether there was a consideration for the alleged promise, or, if made, whether within the statute of frauds.

The case appears to have been fully developed, and. no liability being established against appellant under the evidence, the judgment is reversed, and the cause dismissed.