ARKANSAS ROAD CONSTRUCTION COMPANY *v.* EVANS.

Opinion delivered April 10, 1922.

1. HIGHWAYS—CONTRACTOR'S BOND.—The bond required by Crawford & Moses' Dig., § 5446, of a highway contractor, which requires him to pay all persons supplying him with material or labor in the prosecution of the work, inures to the benefit of those furnishing labor and materials for the work under a subcontractor, so as to enable them to sue on such bond.

2. ASSIGNMENTS—SUB-CONTRACTOR'S CERTIFICATES OF INDEBTEDNESS. —Certificates of indebtedness issued by a sub-contractor to laborers working under him are not binding on the principal contractor and are not assignable so as to permit the assignee to sue thereon without making the assignor a party.

3. APPEAL AND ERROR—DEFECT OF PARTIES.—A defect of parties is waived unless objection to the complaint on that ground is raised in the court below, either by answer or special demurrer, and such objection cannot be raised for the first time in the Supreme Court.

4. APPEAL AND ERROR—DEFECT OF PARTIES RAISED HOW.—An objection that certificates of indebtedness issued by a sub-contractor to his laborers for work on a highway were not assignable does not present the objection that the assignor should have been made a party to an action on the certificates by the assignee against the principal contractor.

Appealed from Howard Circuit Court; *Percy Steel,* special judge; affirmed.

STATEMENT OF FACTS.

Appellee commenced this suit in the justice court against appellants to recover $86.35. The Arkansas Road Construction Company made a contract with Road Improvement District No. 7, of Howard County, Ark., to construct the Mineral Springs and Saratoga road in Howard County, Ark., according to certain plans and specifications; and associated with it Gregory & Wilson to help finance it and, as compensation therefor, to share in the profits. They made a contract with Davies Brothers to construct about three miles of the road. Certain laborers worked for Davies Brothers in the construction of the three miles of road sublet to them by the Arkansas Road Construction Company. Davies Brothers issued to these laborers certificates that they owed them the amounts named therein for labor on the Mineral Springs and Saratoga road. The laborers made a written assignment of these certificates to W. D. Evans who, upon payment being refused, brought suit against the Arkansas Road Construction Company.

An answer was filed in which liability was denied, and in which, as a further defense, it was alleged that

W. D. Evans was not entitled to maintain the action because the claims were not assignable.

Judgment was rendered in favor of the plaintiff by the justice of the peace, and an appeal was taken to the circuit court. There the case was tried upon the facts stated above and also the evidence of witnesses tending to show that the labor had actually been performed on said road to the amount of said certificates of indebtedness.

There was also introduced in evidence the contractor's bond, which contained, among other provisions, the following: ''and shall pay all bills for materials and labor entered in the construction of said work.''

The circuit court directed a verdict in favor of appellee, who was the plaintiff below, and the appellant, Arkansas Road Construction Company, which was one of the defendants below, has duly prosecuted an appeal to this court.

*W. P. Feazel,* for appellant.

There was no privity of contract between appellee, or his assignors, and the appellants. 100 Ark. 47; 144 Ark. 8; 65 Ark. 27.

The appellee, having failed to make his assignors parties, cannot maintain this suit. 47 Ark. 541.

*Jas. S. McConnell,* for appellee.

HART, J. (after stating the facts). In *Oliver Construction Co.* v. *Williams,* 152 Ark. 414, it was held that our statute providing that a contractor's bond given thereunder for the faithful performance of public work shall inure to the benefit of those furnishing labor and materials, and that an action may be maintained by one of such persons to recover for labor performed or materials furnished in the fulfillment of the contract. To the same effect see *United States Gypsum Co.* v. *Gleason* (Wis.) 17 L. R. A. (N. S.) p. 906; *Knight & Jillson Co.* v. *Castle* (Ind.) 27 L. R. A. (N. S.) p. 573 and case note, and *National Surety Co.* v. *Hall-Miller Decorating Co.* (Miss.) 46 L. R. A. (N. S.) p. 325.

In the last mentioned case, in discussing the reason for the statute providing for the execution of such a bond by the contractor. in the case of public works, the court said: "Taking it as a cold-blooded business proposition, this clause in the bond would naturally encourage subcontractors of the best sort to take contracts to do certain parts of the work; it would tend to prevent the abandonment of the work by mechanics not promptly paid their wages by the contractors, who might be suspected to be of doubtful financial solvency; it would procure the best work and material and the prompt services of all workers and subcontractors; and all of this would redound to the benefit of the public. It must be borne in mind that the mechanics, materialmen, and laborers could have no lien upon the building, and that the trustees, representing the State, would not be bound to reserve money with which to pay their claims; but they would have to depend upon the contractor alone. Taking these things into consideration, the bond, in a way, supplied the place of the mechanics' lien law, and thus gave an additional security to all persons working upon this building and supplying material therefor; and this alone was, in our opinion, of the highest importance to the State."

These principles of law control the present case, and under our statute the Arkansas Road Construction Company, the principal contractor, would be liable to laborers who performed work on the road for subcontractors.

It is next insisted by counsel for appellants that the judgment must be reversed because the laborers to whom the subcontractors issued the certificates of indebtedness were not made parties to the action.

While the statute referred to above makes the principal contractor liable for all labor performed and materials furnished on a public improvement, the subcontractor's certificate of the amount due by him to a laborer cannot be said to be an account stated in favor of the laborer against the principal contractor. *St. L. I. M. &*

*S. R. Co.* v. *Camden Bank,* 47 Ark. 541. The certificates of indebtedness do not bind the principal contractor and are therefore not assignable so as to permit the assignee to bring action upon them without the assignor being a party.

It is well settled, however, in this State that a defect of parties is waived unless objection to the complaint on that account is raised in the court below, either by answer or by special demurrer for that purpose. It can not, therefore, be raised for the first time in this court. *Murphy* v. *Myar,* 95 Ark. 32; *Crawford County Bank* v. *Baker,* 95 Ark. 438; *Love* v. *Cahn,* 93 Ark. 215; and *Spear Mining Co.* v. *Shinn,* 93 Ark. 346, and cases cited.

It is true that the answer in the present case alleges as a defense that the claims were not assignable. But no objection was made that there was a defect of parties, or that the complaint should be dismissed because the assignors of the claims were not joined as plaintiffs.

The case was tried below on the merits and the principal ground of defense was that the principal contractor was not liable under the statute for labor done on the road by the servants of the subcontractor. Therefore the objection that there was a defect of parties comes too late here.

It follows that the judgment must be affirmed.