GAGE *v.* ROAD IMPROVEMENT DISTRICT No. 3.

Opinion delivered May 1, 1922.

1. HIGHWAYS—LIABILITY ON CONTRACTOR'S BOND.—Under Crawford & Moses' Dig., § 5446, requiring a highway contractor to give a bond to the road district, conditioned to pay all indebtedness for labor and material furnished, and that action thereon, without involving the district in expense, may be brought by any person supplying labor and material, every such person has a separate and distinct cause of action.

2. COURTS—JURISDICTIONAL AMOUNT—SEPARATE CAUSE OF ACTION.— A circuit court has no jurisdiction of a consolidated suit on 72 separate causes of action in favor of as many persons on a highway contractor's bond for material and labor furnished, all of which causes except four were for a sum less than $100, although the aggregate amount exceeded the jurisdictional amount.

Appeal from Newton Circuit Court; *J. M. Shinn,* Judge; reversed.

Road Improvement District No. 3 of Newton County, Ark., for the use and benefit of the Hale Hardware Company and numerous other parties, brought suit in the circuit court against W. E. Gage, Wm. H. Spencer and the National Surety Company of New York, to recover judgment for the value of materials furnished and labor performed in the construction of a public road for the improvement of which said road improvement district was organized.

The complaint alleges that W. E. Gage and Wm. H. Spencer were the principal contractors to construct said improved road, and that they entered into a contract with said commissioners for the faithful performance of their contract. They also executed a bond with the National Surety Company of New York as surety to said road improvement district. The bond was conditioned for the faithful performance of the contract of W. E. Gage and Wm. H. Spencer with said road improvement district. The bond also contained a covenant that Gage and Spencer should pay all bills for materials and labor used in the construction of said improved road. A copy of the bond was exhibited with the complaint and made a part of it. A list of creditors who had furnished materials and performed labor on said road was attached to the complaint and made a part of it. There were about seventy-two claimants and the amount due each of them except four of them was less than $100.

The defendants interposed a special demurrer on the ground that the circuit court did not have jurisdiction because the amounts sued for were due on separate contracts and were for sums below the jurisdiction of the circuit court.

The court overruled the demurrer; and the defendants refusing to plead further, the court entered judgment in favor of said road improvement district against the defendants for the aggregate amount sued for.

To reverse that judgment the defendants have duly prosecuted an appeal to this court.

*N. B. Maxey* and *Geo. J. Crump,* for appellants.

The circuit court did not have jurisdiction. These were separate and distinct causes of action. Const. 1874, art. 7, sec. 11.

This is not a suit for the recovery of a penalty, but was an action for the recovery of a certain amount, and judgment for same.

The amount of each separate demand or cause of action determines the jurisdiction. 78 Ark. 595; 1 Ark. 252; 74 Ark. 615; 95 Ark. 195; 89 Ark. 435.

*E. G. Mitchell,* for appellees.

The circuit court had jurisdiction under sec. 5446 of Crawford & Moses' Digest.

HART, J. (after stating the facts). The suit is based upon sec. 5446 of Crawford & Moses' Digest, which is as follows:

"All contractors shall be required to give bond for the faithful performance of such contracts as may be awarded to them with good and sufficient security in an amount to be fixed by the board of commissioners, and said bond shall contain an additional obligation that such contractor, or contractors, shall promptly make payment to all persons, supply him, or them, labor and material in the prosecution of work provided for in such contract. Suit may be brought by and in the name of the district upon the bond given to the board. Any person, individual or corporation supplying labor and material shall have the right of action, and shall be authorized to bring suit in the name of the district for his, their or its use and benefit against said contractor and surety, and to prosecute same to final judgment and execution, but such action and its prosecution shall involve the district in no expense whatsoever."

The section in question is a part of our general statute relating to road improvement districts. The section provides that all contractors shall be required to give

bond for the faithful performance of their contracts with security in an amount to be fixed by the board of road commissioners. The section then provides that the bond shall contain an additional obligation that such contractors shall pay all persons supplying labor and materials in the prosecution of the work. It then provides that suit may be brought by and in the name of the district upon the bond given to the board. It provides further that any person supplying labor and materials shall have a right of action and shall be authorized to bring suit in the name of the district for his use against the contractor and his surety.

Continuing, the section provides that such person may prosecute his suit to final judgment and execution, but that the prosecution shall not involve the district in any expense.

The effect of this is to give the district a right to bring suit against the contractor and his surety for a breach of contract for the construction of the road. This part of the statute is for the benefit of the road district and gives it a right of action for the nonperformance of the contract by the contractor, or for a breach thereof by him.

The second condition of the bond is for the benefit of those furnishing material and labor used in the construction of the improved road. The statute in express terms gives such persons a right of action against the contractor and his surety. It is true that the statute provides that the suit may be brought in the name of the district, but it also expressly provides that such action shall not involve the district in any expense. This shows that the Legislature intended that each person furnishing labor or material, which is used in the construction of the road, shall have the control of the action against the contractor and his surety, and the various suits are separate and distinct causes of action against the contractor and the surety on his bond. Each person furnishing labor or material to be used in the construction of the road acts independently of the others, and the

various contracts are necessarily separate and independent agreements. A person who furnishes material under a contract made with the contractor or one of his subcontractors has no relation whatever to a person furnishing materials under another contract. So, too, different persons performing labor on the road under separate contracts have no relation to each other. Each person who brings himself within the provisions of the statute in making a contract has a right of action thereunder in the name of the district, but such action is for his own benefit and is separate and distinct from all other persons claiming rights under different contracts. Such is the effect of our construction of a similar statute in *Oliver Construction Co.* v. *Williams,* 152 Ark. 414, and *Arkansas Road Construction Co.* v. *Evans, ante* p. 142.

The action was commenced in the circuit court, and, since each cause of action was a separate one and was for less than the sum of $100, the circuit court had no jurisdiction of the subject-matter of the action. *Schaap* v. *First National Bank of Fort Smith,* 137 Ark. 251, and *S. A. Robertson & Co.* v. *Lewis Rich Const. Co.,* 151 Ark. 557.

According to the allegations of the complaint each party had a separate cause of action, and the circuit court was without jurisdiction of those where the amount sued for was less than $100.

Therefore, the court erred in not sustaining the demurrer to the complaint, and for that error the judgment will be reversed and the cause remanded for further proceedings according to law.