## MILLER *v.* ROETZEL BROTHERS.

### Opinion delivered November 20, 1922.

1. HIGHWAYS—LIABILITY OF CONTRACTORS.—Under Acts 1917, No. 213, § 24, requiring highway contracts to be secured by bond to pay labor and material, and giving subcontractors and others furnishing labor or material a right of action thereon, and Crawford & Moses' Dig., § 6913, providing that contractors shall pay all bills for material and labor, where a bond had been executed as required by the act, the general contractors became responsible for all labor used in the construction of a road, unless released by the laborers themselves.

2. HIGHWAYS—RELEASE OF GENERAL CONTRACTORS.—General contractors for the construction of a highway sublet part of the work and paid enough to the subcontractors to liquidate the labor claim. A foreman for the subcontractors, who was not paid in full, not only knew when such payment to the subcontractors was made by the general contractors, but acquiesced in the payments being made to the subcontractors. *Held* that the foreman had constituted the subcontractors his agents in the collection of his wages, and payment to his subcontractors, released the general contractors.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Culbert L. Pearce,* for appellant.

The general contractors are liable under the statute and their bond for the obligations incurred by the subcontractor for labor and material in the performance of their subcontract. *Oliver Construction Co.* v. *Williams,* 152 Ark. 414; *Arkansas Road Construction Co.* v. *Evans,* 153 Ark. 142 and cases cited.

*John E. Miller* and *C. E. Yingling,* for appellees.

Appellant is estopped by the record, particularly as appears by the facts agreed to in the agreed statement of facts, from asserting any claim against the appellees. 131 Ark. 77, 82; 47 So. 95; 155 Ala. 651; 2 Pomeroy, Eq. Jur. 804; 95 Ark. 260, 263; Words & Phrases, "Estoppel in Pais," 366 *et seq.;* 16 Cyc. 679; 64 Ark. 627, 628; *C. A. Reese & Co.* v. *Kirk,* 152 Ark. 120, the last case named controlling this case on the facts.

HUMPHREYS, J. Appellant procured a judgment for $131.25 in the White County Circuit Court against Roetzel Bros., in a suit which he had brought against them, Waggoner & Johnson, and the commissioners of the North Arkansas Highway District of White County, Arkansas, but was denied a judgment against Waggoner & Johnson and the district. From the refusal of the court to give him a judgment against said last-named parties and the dismissal of the complaint against them, an appeal has been duly prosecuted to this court. The district aforesaid constructed a road in White County under the provisions of act 213 of the Acts of the General Assembly of 1917. Section 24 of said act is as follows: "The performance of all contracts made by the commissioners in excess of one thousand dollars shall be secured by a good bond made by the contractor, which, in addition to other appropriate provisions, shall contain a provision that the contractor shall promptly pay for all labor and material used by him on the work, and any subcontractor and any one else furnishing labor or material shall have a right of action on said bond for the amount due him." Waggoner & Johnson constructed the high- way, under contract with said district, from Little Red River in White County to the Jackson County line, and pursuant to the section of the statute aforesaid and section 6913 of Crawford & Moses' Digest, which provided, among other things, that they (the contractors) should "pay all bills for material and labor entered into in the construction of said work or used in the course of the performance of said work."

The general contractors subcontracted that part of the road between stations 419 and 484 to Fred Roetzel, who worked in partnership with his brother, John Roetzel. Roetzel Bros. employed appellant as a foreman. He worked in this capacity, at different times, for them from March 23rd to July 1, 1920, during which time Roetzel Bros. paid him a part of his wages when they received payments, upon engineers' estimates, from the general

contractors. They were paid enough to liquidate all labor bills, but the subcontractors failed, for some reason, to pay him and the other laborers out of a $702.22 payment received by them on May 20, 1920. Some time between that date and June 11, 1922, the general contractors paid the subcontractors $288.11. On July 13, 1920, another payment to the subcontractors became due, and, upon the request of appellant, it was apportioned among the laborers, out of which he received $103.75 which left a balance due him of $131.25, same being the amount for which this suit was instituted. The cause was heard by the court upon an agreed statement of facts. After reciting that on April 17th the general contractors paid the subcontractors $197.22, on May 20th, $702.22, on June 11th, $288.11, and on July 13th, an amount which was prorated as stated above, the agreed statement of facts contains the following clause: "These payments were made to said Fred Roetzel with the knowledge of the plaintiff (appellant), but for some reason the plaintiff was not paid by the said Roetzel out of the money as aforesaid."

Under the statutes mentioned above and the bond executed pursuant thereto, the general contractors, Waggoner & Johnson, became responsible for all labor used in the construction of the road, unless released therefrom in some legal way by the laborers themselves. *Oliver Construction Co. v. Williams,* 152 Ark. 414; *Ark. Road Construction Co. v. Evans,* 153 Ark. 142; *Gage v. Road Imp. Dist. No. 3,* 153 Ark. 321.

We think the facts in the instant case warranted the court in drawing an inference that the appellant had constituted the subcontractors, under the doctrine of ratification, his agents to collect his wages from the general contractors. Enough was paid to the subcontractors to pay the labor claims. Appellant not only had knowledge when each payment was made, and acquiesced in the method adopted for payment until the last pro rata payment was made, but agreed, as will be seen by reference to the agreed statement of facts, that "for some reason

he (appellant) was not paid by said Roetzel out of the money aforesaid." An inference from this statement might well be drawn, when considered in connection with the way in which he had received his wages, that the agreement was for the subcontractors to act as his agent in the collection of his wages. It was ruled in the case of *C. A. Reese & Co.* v. *Kirk,* 152 Ark. 120, that a general contractor was released from liability to laborers for wages for work done on a highway which he was constructing, by payment to the subcontractor whom they had constituted their agent to collect their wages. The instant case is ruled by the Reese case.

No error appearing, the judgment is affirmed.