TOLBERT BROTHERS & COMPANY *v.* MOLINDER.

·Opinion delivered January 14, 1929.

*John A. Sherrill,* for appellant.

*E. L. Hollaway,* for appellee.

McHANEY, J.  Appellee was a subcontractor under appellant, Tolbert Brothers & Company, who were the principal contractors on the ·Corning-Piggott road, and

appellant, Ætna Casualty & Surety Company, was surety on the bond of Tolbert Brothers. Appellee brought this action against both appellants to recover $642.82 on account of labor performed for Tolbert Brothers. He alleged that the work was completed in September, 1926; that he demanded payment of Tolbert Brothers, and that, on default in payment, he notified the surety company in December, 1926, of such default, and that the surety company agreed to pay same. The surety company filed a demurrer to the complaint, the principal ground of which, and the only one urged here, is that the complaint shows on its face that the action was barred by the statute of limitations. There was no answer or other pleading for Tolbert Brothers. The circuit court overruled the demurrer, the surety company elected to stand on its demurrer, and judgment was entered in favor of appellee and against both appellants in the sum above stated.

The only question presented on this appeal is whether the action is barred by the statute of limitations. Appellee brought the action under § 67 of the Harrelson Act, act No. 5, extraordinary session of 1923, page 11, which provides, in substance, that every contractor for work in excess of $1,000 shall be required to give bond to be approved by the State Highway Commission, equal to the amount of the contract, conditioned for the payment of material and labor used in the work, including that which may be done by subcontractors, for which an action on the bond may be maintained by such persons. This section further provides that claims for material and labor and amounts due subcontractors shall be filed with the Highway Commission within thirty days after the completion of the work, or within sixty days after the time of its abandonment by the contractor, unless the commission shall issue an order extending the time. This act does not fix any period of time in which suit shall be brought on the bond, but does direct claimants to file their claims with the Highway Commission within thirty days after the completion of the work by the contractor, or within sixty days after it is abandoned by the contractor,

if it is abandoned, unless the time is extended. The complaint in this case does not allege that the claim was filed with the Highway Commission within such time.

It is the rule in this State, as said in *Earnest* v. *St. L. Memphis & S. E. Ry. Co.*, 87 Ark. 65, 112 S. W. 141, that "the statute of limitations cannot be taken advantage of by demurrer to the complaint, in an action at law, unless the complaint shows that a sufficient time has elapsed to bar the action and the non-existence of any ground of avoidance." This rule has been followed in many subsequent cases by this court.

Another rule is, in determining from the complaint whether a cause of action is stated, all the allegations therein, together with all inferences reasonably deducible therefrom, must be considered. *Brown* v. *Ark. Central Power Co.*, 174 Ark. 177, 294 S. W. 709. Applying these rules to the case at bar, we are of the opinion that a cause of action was stated in the complaint, and that it does not show on its face that it is barred under the above statute. While the complaint shows that the work was done by the appellee in 1926, it does not show when the contractor completed the work, nor when he abandoned it, if he did abandon it. In other words, it does not show on its face the non-existence of a ground of avoidance.

It is next contended by appellant that § 6914, C. & M. Digest, is the general statute of limitations applicable to this case. This section provides that no action shall be brought on the bond after six months from the completion of the work. We do not agree with appellant that this is the applicable section. Another section, 6950, gave the appellee three years in which to institute an action against Tolbert Brothers, and the statute requiring the bond in this particular case not having fixed any period of limitations for bringing suit on the bond, we hold that it may be maintained at any time within three years, the contract with Tolbert Brothers not being in writing.

In the case of *Ætna Casualty & Surety Co.* v. *Henslee,* 163 Ark. 492, 260 S. W. 414, the action was based on § 5446, C. & M. Digest, which was § 30 of the act of 1915,

requiring contractors to give a bond for the faithful per-
formance of such road contracts as may be awarded to
them by commissioners of improvement districts, condi-
tioned for the prompt payment to all persons supplying
labor and material, and providing that suit may be
brought in the name of the district upon the bond. No
period of limitation was fixed in the act, but this court
sustained a judgment against the surety in favor of a
subcontractor furnishing labor and material under con-
tract with Mobley, the principal contractor, on an action
brought long after the six months' period had expired.
In that case the lower court allowed to be read to the
jury a decree obtained in the chancery court by Henslee
against Mobley upon the same cause of action. That
decree was obtained on directions from this court in re-
versing the decree of the chancery court in *Henslee* v.
*Mobley,* 148 Ark. 181, 230 S. W. 17. With reference to
this matter the court said: ''The surety was not a party
to that suit, but it was upon the same cause of action,
and we are of the opinion that the decree was properly
admitted in evidence against the surety in this case. It
proved at least a *prima facie* breach of the bond by show-
ing the amount due by Mobley to Henslee for a breach
of the contract which the bond was given to secure.''

We have found no case directly in point on the ques-
tion of limitation, either under the act now being con-
sidered or § 5446, and the diligence of counsel has not
cited any. Counsel does cite a number of cases to the
effect that statutes such as the one now under considera-
tion, as well as §§ 5446 and 6914, were enacted for the pur-
pose of requiring the obligation of a bond as a substitute
for the security which might, in the case of private owner-
ship, be obtained by mechanics' liens, such liens being
impossible in cases of this kind, and not being given in the
case of public buildings or other public work. This ques-
tion was not raised in the Henslee case. While this is
true, it does not follow that the right of action is limited
to the six months' period of time fixed by § 6914 of the
Digest. This section was passed with particular refer-

ence to public officers who construct public buildings, or other public works, and while school directors and drainage district commissioners have been held to be public officers within the meaning of this section, we do not think that this period of limitation was intended to apply to bonds given for contractors to enter into contracts with the State Highway Commission to build public roads; else the statute requiring the bond would have definitely fixed the time.

Finding no error, the judgment is affirmed.