HOLCOMB *v.* AMERICAN SURETY COMPANY.

Opinion delivered October 19, 1931.

450

J. H. *Johnson* and *Jones & Wharton,* for appellants.
*Frauenthal, Sherrill & Johnson,* for appellees.

BUTLER, J. Fifty-three persons brought a joint action against the appellees to recover amounts due them for work and labor performed and material furnished one Clark, a contractor, who had the contract for making an improvement known as Drainage District No. 12 in Jackson County. Clark had executed a bond to the drainage district for its use and benefit as well as for the use and benefit of all persons who might furnish any labor or material for the principal under his contract, and it was upon this bond that the liability of the appellees was sought to be established. Suit was first instituted in the chancery court, and a demurrer filed to the complaint which was treated by the court as a motion to transfer to the law court, which was accordingly done over the objection and exception of the appellees. In the latter court a demurrer was filed to the complaint, setting up,

among other things, that there was a misjoinder of parties and a nonjoinder of necessary parties. A nonsuit was suffered by some of the plaintiffs, and the case proceeded to trial as to the others, which resulted in a judgment in favor of a certain number and against certain others, among them the Beattie Hardware Company, C. W. Butts, Reed & Deucker, Joe Koettel, J. W. McCartney, W. E. Stephens and Ed Hopper, who in apt time filed their motion for a new trial. This motion was overruled, and they thereupon prosecuted an appeal to this court.

I. It is insisted first by the appellees that the appellants have no standing in this court for the reason that the complaint failed to state a cause of action in that it failed to state the amounts due any of the plaintiffs or what particular work any one of them performed or what material was furnished, and did not state any facts upon which an action could be based as to each separate plaintiff. The pleadings under the Code are liberally construed, and every reasonable intendment is indulged in behalf of the pleader. Thus considering the complaint, we are of the opinion that the facts stated were sufficient to state a cause of action as to each of the plaintiffs, and that objections to the complaint should have been raised by motion to make more specific and certain rather than by demurrer, and the court committed no error in overruling the demurrer.

It is secondly insisted that there was a misjoinder of parties in that fifty-two separate claimants were joined in one cause of action, and that under our decisions in *Gage* v. *Road Imp. Dist. No. 3*, 153 Ark. 321, 240 S. W. 427, and *Tolbert Bros. & Co.* v. *Molinder*, 178 Ark. 888, 12 S. W. (2d) 780, each plaintiff had a separate and distinct cause of action and therefore could not maintain a joint action. The trial court correctly held that the complaint was not demurrable on that account.

Section 1081 of Crawford & Moses' Digest provides that "when causes of action of a like nature or relative to the same question are pending before any of the circuit or chancery courts of this State, the court may make

such orders and rules concerning the proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so.''

The purpose of the act is stated therein and is to avoid unnecessary costs or delay in the administration of justice. This section is to be liberally construed so as to effect its purpose. In the case at bar the claims were of a like nature and all against the same defendant, and grew out of the same transaction, and, while each plaintiff had an independent cause of action, it is not to be doubted that, if each had filed his separate suit, the court would have consolidated them for the purposes of trial. Since the court might have done this, we can see no good reason why the plaintiffs might not have jointly proceeded in one suit as they did. If a proper defense could not have been made because plaintiffs were proceeding jointly and not independently, the court, in the exercise of its discretion, might have ordered a severance, but no such request was made, and it does not appear that any disadvantage was suffered. Therefore the action of the trial court in overruling the demurrer on this ground must also be upheld.

The third ground of appellees' demurrer was that there was a nonjoinder of necessary parties, in that the contractor was not made à party, and § 6919 of the Digest is invoked as authority for the position taken. This section provides that, in all cases where a lien shall be filed under the provisions of the act by any person other than a contractor, it shall be the duty of the contractor to defend the action at his own expense. The act referred to in § 6919 was one enacted for the benefit of laborers or other persons who should do work for private individuals or corporations, giving them a lien upon the building, erection or improvement, etc. This statute has no application to the instant case, as the construction in question was of a public nature, upon which there could be no liens, and the rights of the persons performing work

or furnishing material must be found in the bond given for their protection. This bond, which is hereafter set out, entitles the beneficiaries—the laborers and material-men—to an action against the obligors. *Oliver Construction Co.* v. *Williams,* 152 Ark. 414, 238 S. W. 615. Clark was a proper, but not a necessary party. If it be true, as claimed by appellees, that Clark was frequently within the State and conferred during the pendency of the suit with their attorneys, they could have themselves made Clark a party if they deemed such action necessary for the preservation of their rights.

The fourth ground urged for an affirmance is that the suit was barred by the statute of limitations, and counsel suggest that, if the evidence was properly ab-stracted, it would show that the work of the plaintiffs for which they seek to recover was done during 1926 and 1927, and that the contract was forfeited by Clark during the latter part of 1927 and terminated in so, far as he was concerned, which would bar plaintiffs' action under § 6914, *supra.* Appellees have not referred us to the page of the transcript where this evidence may be found, and we have examined the transcript and fail to find such evidence. We think that the case was properly in court, and none of the objections before mentioned made by the appellees are well taken.

It also is insisted by the appellees that the appeal should be dismissed for failure on the part of the appel-lants to comply with rule 9 of this court. The abstract is sufficient to give us an understanding of the issues involved, and is a substantial compliance with the rule.

II. We therefore proceed to an examination of the error assigned by the appellants, *i. e.,* that the court erred in holding that "none of the other plaintiffs (appellants here) are entitled to recovery against the defendants for the reason that their claims would not be covered by the surety bond in question, and judgment will be for the defendants on all other claims." There was no conten-tion made in the court below, nor is any made here, that the claims of the appellants against Clark for work done

or material furnished were not true and correct. The evidence shows that at some time after the claims accrued the claimants met with Clark, some members of the district board, and an attorney for the appellees, at which time the claims were examined and discussed and their correctness agreed to.

Without setting out separately the nature of each claim, the evidence shows they were for cutting and hauling wood, used as fuel under the boilers for the creation of steam; clearing right-of-way, for lumber used in the construction of the dredge boat, for machinery installed for the operation of the boat, and for digging and removing dirt, and for hauling this equipment to the location necessary for the performance of the work.

The condition of the bond on which the appellees were sureties, among other things, provided for the payment by Clark of "all indebtedness for labor and material furnished or performed by any person on the work contemplated by said contract," and concluded with the following paragraph: "This bond is executed for the use and benefit of said drainage district as well as for the use and benefit of all persons, firms and corporations who may furnish any labor or materials for the principal of this bond under his contract with the district, and is for the purpose of saving the expense and trouble of making a separate bond for the use and benefit of the district and a separate bond for the use and benefit of persons furnishing materials and performing labor, and this bond shall be as valid and binding on the principal and sureties herein as if separate and distinct bonds had been made."

Since the improvement in this case was of a public nature, the statutes giving materialmen and laborers a lien for their work do not apply, and the only protection for the payment for labor performed or material furnished is to be found in terms of a bond. The appellees, sureties on the bond, were organized, among other purposes, to make surety bonds such as this, for which they were paid. Therefore the bond should be liberally con-

strued in favor of the laborers and materialmen for whose benefit the bond was given. *United States F. & G. Co.* v. *Bank of Batesville*, 87 Ark. 348, 112 S. W. 957; *American Bonding Co.* v. *Morrow*, 80 Ark. 49, 96 S. W. 613; *Title Guaranty & Surety Co.* v. *Bank of Fulton*, 89 Ark. 471, 117 S. W. 537; *Equitable Surety Co.* v. *Bank of Hazen*, 121 Ark. 422, 181 S. W. 279; *Union Indemnity Co.* v. *Forgey & Hanson*, 174 Ark. 1110, 298 S. W. 1032.

The condition of the bond under consideration in the case of *Leslie Lumber & Supply Co.* v. *Lawrence*, 178 Ark. 573-575, 11 S. W. (2d) 458, was "that if the said contractor shall pay all persons, firms or corporations who perform labor or furnish equipment, supplies and material for use in the work thereunder," etc., and in construing this condition the court said: "The last proposition necessary for consideration is whether the bond is liable only for material actually entering into the work —such items as might be the basis of the mechanics' lien. We answer this question in the negative, as does the bond itself. It protected all persons who furnished supplies and material for use in the work and not merely material actually entering into the work. Therefore all material and supplies furnished the contractor 'for use in the work' or reasonably necessary to accomplish the purpose of the work, and which were delivered to the contractor for such use and purpose, are covered by the bond."

In *Ætna Casualty & Surety Co.* v. *Big Rock, etc., Co.*, 180 Ark. 1, 20 S. W. (2d) 180, where the condition of the bond was that the contractor "shall pay off and discharge claims for labor and material of whatsoever kind used in the construction of said work," it was held that the language used was sufficiently broad and inclusive to make the surety liable on claims for material used in the construction of the building, and the payment would not be limited to only such claims for labor and material furnished as would constitute liens against the improvement.

So, in the instant case we are of the opinion that the language of the bond is broad enough to cover not only claims which constitute liens against the improvement, but for all labor or material which was necessary to accomplish the purpose of the work. It will be noted that the language is to the effect that the contractor should pay all indebtedness for labor and material furnished or performed by any person on the work contemplated by such contract and not that the contractor should be liable for labor and material which entered into the construction of the work; and in the concluding paragraph of the bond it is expressly provided that such bond was "for the use and benefit of all persons, firms and corporations who may furnish any labor or material *for the principal* of this bond under his contract."

In *Kotchtitzky* v. *Magnolia Petroleum Co.*, 161 Ark. 275-6, 257 S. W. 48, the court said: "The contract for the construction of the improvement by the appellant carries with it an obligation by necessary implication upon the part of the appellant to furnish the labor and material necessary to make the improvement which the appellant contracted to construct. How would it be possible for appellant to fulfill the obligations of his contract to construct the improvement unless he furnished the labor and material necessary to make the improvement?" In the case at bar the contractor was obligated under his bond to dig the ditch, and it would have been impossible to fulfill this obligation unless he obtained the labor and material necessary, and the surety expressly recognized the necessity of the case and undertook that the bond executed was for the use and benefit of all persons who might furnish any labor or material for the principal. We think the plain provisions in the bond bound the appellees for the labor done and material furnished by appellants, for there can be no question that this labor and material were reasonably necessary for the accomplishment of the work contemplated and were furnished for the principal, Clark.

The conclusion reached is not in conflict with the doctrine of *Pierce Oil Corp.* v. *Parker,* 168 Ark. 400, 271 S. W. 24; *Oliver Const. Co:* v. *Erbacher,* 150 Ark. 549, 234 S. W. 631; *Goode* v. *Ætna Cas. & Sur. Co.,* 178 Ark. 451, 13 S. W. (2d) 6, and *Heltzel Steel Form & Iron Co.* v. *Fidelity & Deposit Co.,* 168 Ark. 728, 271 S. W. 325, relied on by appellees, for those cases arose under different statutes to the one at bar, and the bonds considered were not as comprehensive and broad in terms as that considered here. It follows that the trial court erred in that part of the judgment which found against the appellants. Therefore the judgment will be reversed as to them, and the cause remanded with directions to enter a judgment against the appellees and in favor of the appellants in the amounts of their respective claims.