TYLER MEISTER *v.* ALBERT REDDMANN

5-4080                                           410 S. W. 2d 769

Opinion delivered January 30, 1967

*Lohnes T. Tiner,* for appellant.

*Rice L. Van Ausdall,* for appellee.

PAUL WARD, Justice. Appellant, Tyler Meister, filed a complaint in chancery court to restrain appellee, Albert Reddmann, from entering upon his land, and to recover the value of timber cut along a ditch located thereon. He also asked to have his title quieted. Appellee admits he cut the timber but claims the ditch in question is a "T" lateral ditch (hereafter referred to as a "ditch"), and that it is a part of Drainage District No. 3 of Poinsett County (hereafter referred to as "ditch No. 3"), and that he had permission from the Commissioners of ditch No. 3 to enter upon a right-of-way across appellant's land to cut all timber necessary to protect and clean out the ditch.

Testimony was taken on the above issues (properly pleaded), and the trial court entered a decree, in substance, as set out below:

The ditch is a part of ditch No. 3; appellant's complaint is dismissed, and; appellant is restrained from interfering with the work being done by appellee.

For a reversal appellant sets out several points but some of them are interrelated, and we feel that all material issues can be adequately discussed under two separate groupings:

*One.* Appellant contends "the trial court erred in finding the ditch in question to be a Drainage District No. 3 ditch", and that this was a finding in its favor. It is then argued this constituted reversible error because ditch No. 3 was not made a party to this litigation. There is no merit in this argument. In the case of *Smith* v. *Petus, Curator,* 205 Ark. 442, 169 S. W. 2d 586, we said:

"Furthermore, appellants did not, in the lower Court, ask that these adult heirs be made parties

and they are, therefore, not in a position to raise this question for the first time on appeal."

See also *Arkansas Road Const. Co.* v. *Evans,* 153 Ark. 142, 239 S. W. 726. No such request was made by appellant in the trial court in the case under consideration.

*Two.* It is argued that "the court erred in basing its decision upon incompetent testimony". Again we find no merit in appellant's contention that there is no competent testimony to refute his claim to an absolute fee title to his land (free of any right-of-way) by virtue of the deeds he admittedly received from his predecessors in title. It is undisputed that ditch No. 3 executed quitclaim deeds to appellant's predecessors in title, showing they were based on tax sales. This being true the deeds amounted to redemptions from tax sales. See: *Rouse* v. *Teeter,* 214 Ark. 488, 216 S. W. 2d 869. It necessarily follows that appellant could receive no better title than his grantors held. Any other result would make it possible for a legally organized improvement district to divest itself of all lateral ditches. This disposes of appellant's contention it was error to allow the Commissioners to testify relative to their intentions in executing said quitclaim deeds. Even if such testimony was hearsay it was irrelevant and unnecessary.

In this case it is undisputed that ditch No. 3 was organized in 1908, and that it issued bonds in the amount of $245,000 to construct said ditch and numerous laterals. Also there are copies of numerous county court orders (properly introduced) showing, among other things, the execution of the quitclaim deeds and the location of the ditches. The record reveals the ditch was constructed over appellant's land many years before he acquired the land which was some twenty years before this suit was filed.

In view of what we have said above it is, of course, unnecessary to discuss appellant's contentions that the trial court erred in refusing to quiet his title and give

him damages, and also erred in enjoining him from further interference.

The decree of the trial court is therefore affirmed.

Affirmed.