JUDSON T. PARKER *vs.* MASSACHUSETTS RAILROAD COMPANY.

Hampshire.   September 16. — 26, 1874.   WELLS & MORTON, JJ., absent.

Under the St. of 1873, c. 353, § 1, a person, to whom a debt is due for labor performed in constructing a railroad, by virtue of an agreement with a contractor whose contract with the owner of the railroad was made before the passage of the statute, has not a right of action against such owner, although the labor was performed after the statute took effect.

CONTRACT under the St. of 1873, *c.* 353,* to recover for 76 days' labor performed by the plaintiff in the construction of a railroad

---

* The St. of 1873, c. 353, § 1, which took effect July 11, 1873, provides that " Any person to whom a debt is due for labor performed, or for materials furnished and actually used in constructing any railroad by virtue of an agreement with the owner of such railroad, or with any person having authority from or rightfully acting for such owner in procuring or furnishing such labor or materials, shall have a right of action against the owner of such railroad to recover such debt with costs."

owned by the defendant corporation. Writ dated December 10, 1873. The case was submitted to the Superior Court, and after judgment for the defendant, to this court, on appeal, on agreed facts in substance as follows :

The defendant made a contract with N. G. Munson to build the whole of its railroad, and Munson made a sub-contract with A. G. Osgood to build a section of the railroad. Both of these contracts were made before the passage of said statute. The labor performed by the plaintiff was in the months of September, October and November, 1873, and was done under an agreement with Osgood. The plaintiff filed the necessary statements and brought his action within the time required by the statute.

*J. G. Allen,* for the plaintiff. 1. The St. of 1873, *c.* 353, though seemingly retrospective in its operation, as to the contracts of Osgood with Munson, and Munson with the defendant, is not necessarily unconstitutional, being remedial in its nature. 1 Kent Com. (12th ed.) 455, and note. *Foster* v. *Essex Bank,* 16 Mass. 245, 271, and cases cited. *Garfield* v. *Bemis,* 2 Allen, 445. The Legislature has a right to pass remedial statutes notwithstanding they affect private contracts, and such statutes " should receive a liberal construction." *Smith* v. *Morrison,* 22 Pick. 430.

2. The statute under which this action was brought created a new remedy, sufficiently guarded as to time and form of notice. It is not a lien, and should not be governed by the same rules of construction. The case of *Donahy* v. *Clapp,* 12 Cush. 440, does not govern this case, that being a petition under a lien law, creating an incumbrance on land similar in nature to a mortgage, and that case decided that the statute under which the action was brought did not create an incumbrance on the lands so as to affect a preëxisting contract of the landowner.

*T. K. Pelton,* for the defendant, was not called upon.

DEVENS, J. It is not intended by the St. of 1873, *c.* 353, § 1, under which this action is brought, that a party who does work for one who had contracted with a railroad corporation previously to the passage of the act, or for his sub-contractor also contracting previously, shall be enabled to maintain an action against the corporation for the work which he thus does, even if it is actually contracted for and performed subsequently to the passage of the

act. The corporation must pay those with whom it contracted according to the terms of its obligations as made at the time of the contract; from these it is not to be released; and on the other hand it is not to be afterwards exposed to a liability which it did not then incur. In contracts made after the passage of the statute, as all parties have legal knowledge of it, they are presumed to have full regard to it in any obligations upon which they may enter.

Nor can the construction contended for by the plaintiff be supported upon the ground that the act, so far as it enables the plaintiff to sue the corporation for the work done for its contractor or sub-contractor, affects his remedy only. It gives him a new and distinct right and exposes the corporation to a new liability.

The reasons upon which it was held in *Donahy* v. *Clapp*, 12 Cush. 440, that payment for labor performed under a contract with a person employed by the owner of land to erect a building thereon could not be secured by a lien on said land under the St. of 1851, *c.* 343, if the contract with the landowner for the erection of the building was made before that statute took effect, even if the contract for the labor was made and the labor actually performed after the statute was in full force, apply directly to the case before us. *Judgment affirmed.*