CHOCTAW & MEMPHIS RAILROAD COMPANY *v.* SULLIVAN.

Opinion delivered March 15, 1902.

RAILROAD—SUBCONTRACTOR'S LIEN.—A subcontractor who furnished supplies to a railroad company cannot claim a lien therefor under the act of March 31, 1899, if the contract by virtue of which the supplies were furnished was entered into prior to the date of the passage of such act.

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Reversed.

On the 8th day of November, 1899, the appellee, W. A. Sullivan, filed in the Sebastian circuit court, Greenwood district, his complaint against Graham & Miller and the Choctaw & Memphis Railroad Company, to enforce a subcontractor's lien. From a judgment in plaintiff's favor the railroad company has appealed.

*J. W. McLoud* and *E. B. Peirce,* for appellant.

The Choctaw Construction Company was a necessary party to the suit. 34 Pac. 1113; 31 Pac. 187; 36 Pac. 445; 39 Pac. 1096; 32 N. W. 374; 28 Pac. 707; 17 N. W. 62; 59 Tex. 587; 59 Ark. 85; 78 Cal. 193. The contract being executed previous to the passage

of the act of 1899, said act does not apply.  68 Ark. 336; 12 Cush. 440; 115 Mass. 580; 4 N. W. 47; 5 Ark. 221; 48 N. W. 386; 73 Mich. 213; 68 Ala. 645; 95 Pa. St. 301; 106 Mass. 228; 58 S. W. 433; 45 Ark. 376; 40 Ark. 423.

*T. N. Foster,* for appellee.

Under the act of 1887 appellee was entitled to a lien.  59 Ark. 82, 83.

HUGHES, J.  The evidence in this case shows that on the 29th of November, 1898, the Choctaw & Memphis Railroad Company made a contract with the Choctaw Construction Company for the construction of its road from Little Rock, Arkansas, to the Indian Territory line; that on the 12th of December, 1898, the Choctaw Construction Company entered into a contract with Graham & Miller to furnish all the ties necessary to be used in the work; that a short time afterward, to-wit, on the 1st day of January, 1899, or about that time, the appellee claims to have entered into a contract with Graham & Miller to furnish them ties to be used in the construction of said road, and about that time commenced to deliver to them ties under this alleged contract.  It is under this contract, made with Graham & Miller about the 1st of January, 1899, that appellee claims the right to have a lien declared upon the railroad for the value of the ties furnished to Graham & Miller.  Now, the contract the appellee made with Graham & Miller, under which he delivered them ties for the value of which he claims a lien upon the road of the appellants, was made prior to the passage of the act of March 31, 1899, about three months.  When this contract was made, the appellee did not have, and could not claim, any lien for the value of the ties furnished by him to Graham & Miller.  There was no privity of contract between him and the railroad company.  The act of March 31, 1899, has no application to this case.  The contract was made under a different law, and in reference to it, and must be governed by that law.  The appellee claims as a subcontractor under the above act of 1899, which was not passed until after his contract was made, by virtue of which he claims his right to a lien.  The rights of the parties to the contract must be determined by the law in force at the time the contract was made. That this is well settled there are numerous authorities, among which we cite: *Donahy* v. *Clapp*, 12 Cush. (Mass.) 440, in which

C. J. Shaw delivered the opinion; *Parker* v. *Mass. Railroad Co.,* 115 Mass. 580; *O'Neil* v. *Anderson,* 4 N. W. Rep. (Minn.) 47; *Hall* v. *Banks,* 48 N. W. (Wis.), 386.

It follows therefore that appellees had no right to a lien under the act of March 31, 1899, passed after the contract by virtue of which he claims a lien was made.

The demurrer to the complaint should have been sustained. The judgment is reversed, and the cause is dismissed.