HESS v. A. L. FERGUSON LUMBER COMPANY.

Opinion delivered October 16, 1922.

1. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A chancellor's finding not against the preponderance of the evidence will not be disturbed on appeal.

2. MECHANICS' LIENS—NOTICE BEFORE FILING LIEN.—Under Crawford & Moses' Dig., § 6917, providing that subcontractors, wishing to avail themselves of the mechanics' lien act, shall give 10 days' notice to the owner before filing their liens, one who furnished materials under a direct contract with the owner was not required to give such notice.

3. MECHANICS' LIENS—PARTIES.—Where materials were sold directly to the owner of land, and he was liable to the person fur-

nishing them as upon an original undertaking, it was the owner's debt, and it was unnecessary, in a suit to enforce a material man's lien, to make the contractor a party.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

### STATEMENT OF FACTS.

Appellees brought this suit in the chancery court to enforce a lien upon certain real estate of appellant in the sum of $2,379.45, alleged to be due for materials sold to appellant and used by him in the construction of a dwelling house.

J. H. Anderson, the manager of the Ferguson Lumber Company, was the principal witness for appellees. According to his testimony, he sold to Wallace V. Hess lumber and other building supplies to be used by him in the construction of a dwelling house in the city of Fort Smith, Arkansas. Hess called Anderson over the telephone before he commenced to build his house and asked him if he knew B. M. Wallace, a carpenter. Anderson replied that he did. Hess then asked Anderson what kind of a man Wallace was. Anderson replied that he had not known Wallace very long, but so far as he knew he was a very good man. Anderson stated further that Wallace was building some other houses in the city and seemed to be getting along very nicely. Hess then said that he was figuring on getting Wallace to build him a house, and Anderson replied that he did not know how Wallace was financially. Hess then said, "That will not make any difference; I have got to pay the men for their work every Saturday night, and I want to pay the material bill myself." After some further conversation Hess said that he would give the job to Wallace, and was figuring on buying the material from appellant. Hess told Anderson that Mr. Wallace would be around in a day or two to get some of the material. Anderson furnished materials for appellees to Hess for building his dwelling house and garage. The lumber furnished amounted to $2,679.45 and there was a balance due and

unpaid of $2,379.45 at the time this suit was brought. Appellees filed a mechanics' lien within the time allowed by the statute, but no notice of filing same was given to Hess. Hess repeatedly promised to pay the bill, and acknowledged that he had bought the materials and owed for the same. After putting off the payment of the bill from time to time on account of not having the money, Hess finally told Anderson that the time for filing the lien had expired and that he did not intend to pay for the materials. The materials were charged on the books of appellees to Wallace V. Hess, by B. M. Wallace.

George P. Meadows was also a witness for appellees. According to his testimony, he kept the books of appellees, and knew Wallace V. Hess. He had a conversation with Hess about the account sued on. He came into the office one day to see Anderson about the account. Anderson was not in, and Hess told Meadows to tell Anderson that he would pay the account as soon as he could get the money due on some property which he was selling. This was in July or August, 1920, after the materials had been furnished.

Wallace V. Hess was a witness for himself. According to his testimony he made a contract with B. M. Wallace to construct the house and furnish the materials to be used in erecting it. Hess did not buy the material from appellees. Hess denied having told Anderson that he owed for the materials and would pay for the same. The contract between Hess and Wallace for the construction of the house was exhibited in evidence, and it showed that Wallace was to furnish the materials.

Wallace was a witness for Hess, and testified that he purchased the materials from appellees. He also stated that he paid $300 of the purchase price. Hess gave him a check for the $300, and he indorsed the check to appellees.

The chancellor found the issues in favor of appellees, and the case is here on appeal.

*John H. Vaughan,* for appellant.

The court erred in overruling the demurrer to the complaint.

The testimony was not sufficient to show that there was a contract between Hess and the lumber company, whereby Hess was to pay for the lumber. 38 Conn. 445; 27 Cyc. 51. Consent alone is not sufficient. 27 Ont. App. 364; 27 Cyc. 51.

The contractor was a necessary party, and should have been made a codefendant. 122 Ark. 141; 144 Ark. 464; 51 L. R. A. 76; 114 Ark. 468; C. & M. Digest, sec. 6928.

*Hill & Fitzhugh,* for appellee.

The demurrer should have been overruled. No defect of parties was pleaded. C. & M. Digest, secs. 1189-1192. This can only be raised by special demurrer, and is waived of not taken advantage of. 95 Ark. 32; 33 Ark. 497; 44 Ark. 202: 49 Ark. 277.

Where an original contractor brings suit there is no necessity for notice of a lien. 93 Ark. 277. The lien grows out of the material furnished that goes into the building. 51 Ark. 302; 30 Ark. 568; 49 Ark. 475.

The fact that Hess had a contractor who agreed to furnish the material and erect the building did not release Hess from liability. 93 Ark. 277; 76 Ark. 292; 40 Ark. 429; 42 Ark. 285; 20 Cyc. 182; 20 Am. & Eng. Ency. Law (2nd Ed.), 448.

HART, J. (after stating the facts). The chancellor found that Hess purchased the materials for the construction of his house from appellees and agreed to pay for the same. This finding is in accord with the testimony of Anderson, the manager of appellees. The materials were charged on the books to Hess by Wallace. The bookkeeper of appellees testified that Hess admitted to him that he owed the account and would pay the same as soon as he collected some money due him on the purchase price of some property he was selling.

Hess denied having agreed to pay for the materials, and is corroborated by Wallace. The original contract was made over the telephone. The testimony of Anderson and Hess as to what the contract was is in direct and irreconcilable conflict. Each one is corroborated by facts and circumstances introduced in evidence.

The finding of the chancellor in favor of appellees is not against the clear preponderance of the evidence, and for that reason, under the settled rules of this court, it will not be disturbed on appeal.

It is next insisted that the decree should be reversed because appellees did not give ten days' notice before the filing of their lien, as required by sec. 6917 of Crawford & Moses' Digest. The material was furnished under a direct contract with the owner, who was liable as on an original undertaking, and the notice required by the statute was not necessary.

Sec. 6935 of the Digest provides that all persons furnishing things or doing work provided for by this act shall be considered subcontractors, except such as have contracts therefor directly with the owner, proprietor, or his agent, or trustee. So it has been held that if a person enters into a contract with the owner of the land to furnish material by which the owner becomes liable therefor, such person furnishing the material is not a subcontractor and is entitled to recover judgment therefor against the owner of the land, and also to a lien on the building constructed thereon. *Leifer Manufacturing Co.* v. *Gross,* 93 Ark. 277.

It is also contended that the judgment should be reversed because Wallace, the contractor, was not made a party to the suit, and reliance is placed upon *Simpson* v. *J. W. Black Lbr. Co.,* 114 Ark. 464, and *Cruce* v. *Mitchell,* 122 Ark. 141. In each of these cases the goods were sold to the contractor, and suit was brought against the owner without making such contractor a party.

In the present case the materials were sold directly to the owner, and he was liable to the person furnishing

the materials upon an original undertaking. It was his debt, and no useful purpose could have been served by making the contractor a party. Then, too, the record shows that the contractor had become a nonresident of the State, and service could not be had upon him, although he was named as a party defendant in the complaint.

It follows that the decree must be affirmed.