UNION INDEMNITY COMPANY *v.* FORGEY & HANSON.

Opinion delivered October 17, 1927.

1. CONTRACTS—APPLICATION OF STATUTORY PROVISIONS.—A statutory provision relating to the subject-matter of a contract by operation of law, enters into and becomes a part of the contract.

2. DRAINS—LIABILITY OF CONTRACTOR'S SURETY.—A surety on the bond of the principal contractor constructing drainage ditches for a drainage district is liable for the contractor's default in failing to pay a subcontractor for labor performed and materials used in construction of lateral ditches, under Crawford & Moses' Dig., § § 3622, 6913, which became part of the contract.

3. DRAINS—FORM OF CONTRACTOR'S BOND.—The bond of a contractor constructing ditches for a drainage district is not invalid because made to the commissioners of the drainage district, instead of to the State, where the object for which the bond was executed appears on its face, and the parties were not misled.

4. DRAINS—VALIDITY OF CONTRACTOR'S BOND.—The bond of a contractor constructing drainage ditches *held* not invalid because not executed in a sum not less than double the sum total of the contract, as required by Crawford & Moses' Dig., § 6913.

5. DRAINS—CONSTRUCTION OF BOND OF CONTRACTOR.—The bond of a contractor for the construction of ditches in a drainage district, required by Crawford & Moses' Dig., § § 3622, 6913, is in the nature of a contract of insurance, and should be most strongly construed against the surety.

Appeal from Monroe Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

### STATEMENT OF FACTS.

Forgey & Hanson, subcontractors, brought this suit in equity against the Northern Construction Company, principal contractor, Union Indemnity Surety Company, surety on its bond, and Monroe County Drainage District No. 2, to recover the sum of $3,113.59, alleged to be due them by said principal contractor and the surety on its bond, and for a writ of garnishment against said drainage district for the amount due from it to said principal contractor for the construction of several drainage ditches.

The record shows that the Northern Construction Company made a contract with the Monroe County Drainage District No. 2 for the construction of several drainage ditches in Monroe County, Arkansas, for a stipulated price. A written contract was entered into between the parties for the construction of the ditches in the drainage district according to the plans and specifications of the engineer of the district, which were to become a part of the contract. Northern Construction Company entered into a contract with Forgey & Hanson to construct several lateral ditches for it under the plans and specifications which were a part of the original contract. Forgey & Hanson constructed the lateral ditches according to said plans and specifications, and their work was duly approved and accepted by the engineer of said drainage district. There remained due and unpaid them the sum of $3,113.59, with interest at the rate of six per cent. per annum from June 1, 1925, until paid.

To secure the faithful performance of its contract, Northern Construction Company entered into a bond with Monroe County Drainage District No. 2 in the penal sum of $50,000. The Union Indemnity Company signed said bond as surety, and the bond is conditioned as follows:

"Whereas, on the 23rd day of February, 1923, a contract was executed and entered into between Northern Construction Company, principal, and the commissioners of Drainage District No. 2, Monroe County, Arkansas, whereby the said Northern Construction Company are

obligated and bound for the construction and completion of certain work, therein specified. Now therefore, if Northern Construction Company will well and truly do and perform all things and matters therein set out and therein referred to as it is obligated and bounden so to do, and shall well and truly perform all the matters and things as it is or may become bounden to do by reason of any changes in said plans, then this obligation is to become void, otherwise to be and remain in full force and effect; but no changes in the plans, with or without notice to said surety, shall operate to limit or void the obligation of either the principal or surety herein, and a failure to notify the surety of a default of the principal shall be no bar or defense in any action brought against the principal or surety, or both; provided, no change shall be made which will increase or reduce the total contract price more than 25 per cent. from that mentioned in the specifications.''

The chancellor found that the plaintiff was entitled to judgment against the Northern Construction Company and the Union Indemnity Company in the sum of $3,113.59, with interest at the rate of six per cent. per annum from June 1, 1925, until paid. The court further found that Monroe County Drainage District No. 2 was not responsible for the obligation sued on, and that the complaint as to it should be dismissed. A decree was entered of record in accordance with the findings of the chancellor, and to reverse that decree Union Indemnity Company has duly prosecuted an appeal to this court.

*Buzbee, Pugh & Harrison,* for appellant.

*W. H. Holmes, Harry E. Meek* and *Robinson, House & Moses,* for appellee.

HART, C. J., (after stating the facts). The opinion of the chancellor was correct. It is well settled that the law of the land is a part of every contract. In other words, a statutory provision relating to the subject-matter of a contract, by operation of law, enters into and becomes a part of the contract. *Robards* v. *Brown,* 40 Ark. 423; *Choctaw & Memphis Ry. Co.* v. *Sullivan,* 70

Ark. 262, 68 S. W. 495; and *Hill* v. *American Book Co.*, 171 Ark. 427, 285 S. W. 20.   The contract between the Northern Construction Company and Monroe County Drainage District No. 2 for the construction of the drainage ditches was entered into on the 12th day of June, 1924, and at that time there were two statutes in force bearing on the question at issue, §§ 3622 and 6913 of Crawford & Moses' Digest.

Section 3622 reads as follows: "All contractors shall be required to give bond for the faithful performance of such contracts as may be awarded them, with good and sufficient sureties, in an amount to be fixed by the board; and the board shall not remit or excuse penalty of said bond or breach thereof."

Section 6913 reads as follows: "Whenever any public officer shall, under the laws of this State, enter into a contract in any sum exceeding one hundred dollars, with any person or persons, for the purpose of making any public improvements or constructing any public building, or making any repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the State of Arkansas, in a sum not less than double the sum total of the contract, whose qualifications shall be verified, and such sureties shall be approved by the clerk of the circuit court in the county in which the property is situated, conditioned that such contractor or contractors shall pay all indebtedness for labor and material furnished in the construction of said public building or in making said public improvements."

In *Oliver Construction Co.* v. *Williams,* 152 Ark. 414, 238 S. W. 615, we had under consideration § 6913 as applied to road improvement districts. We held that, inasmuch as no lien is provided by statute, it was the purpose of the framers of the section named to substitute the obligation of a bond for the security given by a statutory lien in the case of property of private individuals.   It was said that the obligation of the bond, construed in the light of the statute, was for the protection of laborers

and materialmen, and, when construed in connection with the statute, means that the contractor should pay all indebtedness for labor and materials furnished and used in constructing the public improvement. It was further stated that the language was broad enough to include laborers who have performed work for a subcontractor and had furnished labor or material which the original contractor had obligated himself to furnish.

Again, in the later case of *Kochtitzky* v. *Magnolia Petroleum Co.,* 161 Ark. 275, 257 S. W. 48, it was expressly held that one who undertakes to construct a drainage ditch impliedly contracts to pay for all labor done and materials furnished for that purpose, either to himself or to his subcontractors. It was expressly stated in the opinion that the doctrine in the case of *Oliver Construction Co.* v. *Williams,* 152 Ark. 414, 238 S. W. 615, controlled the case. Reference is made to these cases for a more extended discussion of the matter, and we only deem it necessary to say here that the principles announced in those cases govern the present case and make the surety on the bond of the principal contractor liable for his default in failing to pay the subcontractor for the labor performed and materials used in the construction of the lateral ditches by them for the principal contractor.

The objection that the bond was made to the commissioners of the drainage district instead of the State of Arkansas cannot avail appellant anything, under the ruling in *Reiff* v. *Redfield School Board,* 126 Ark. 474, 191 S. W. 16. The reason is that the object for which the bond was executed appears on its face, and the parties have not been misled as to the object and purpose of the bond.

Neither do we think that the fact that the bond was not executed in a sum not less than double the sum total of the contract is fatal to it. As we have already seen, the provision of the statute is to be considered as written in the contract and therefore a part of it. The Union Indemnity Company was organized for the very pur-

pose, among others, of becoming surety on bonds of this sort, and was paid for so doing. It cannot escape the plain terms of its contract by executing a bond for a less sum than that required by the statute. It is in the nature of a contract of insurance, and should be most strongly construed against the surety. *U. S. Fidelity & Guaranty Co.* v. *Bank of Batesville*, 87 Ark. 348, 112 S. W. 957; *American Bonding Co.* v. *Morrow*, 80 Ark. 49, 96 S. W. 613, 117 Am. St. Rep. 72; *Title Guaranty & Surety Co.* v. *Bank of Fulton*, 89 Ark. 471, 117 S. W. 537, 33 L. R. A. (N. S.) 676; and *Equitable Surety Co.* v. *Bank of Hazen*, 121 Ark. 422, 181 S. W. 279.

The result of our views is that the decree of the chancery court was correct, and must be affirmed.