LESLIE LUMBER & SUPPLY COMPANY v. LAWRENCE.

Opinion delivered December 3, 1928.

*Caraway, Baker & Gautney* and *Cook & Trice*, for appellant.

*E. P. Toney* and *Owens & Ehrman*, for appellee.

*Cockrill & Armistead, amici curiae.*

McHANEY, J. Appellant instituted this action in the Chicot Chancery Court to establish the partnership liability of appellees, Lawrence and Horton, in the performance of a contract with Chicot County Drainage District, upon a debt of $2,050.34, and to recover said sum against appellee, U. S. Fidelity & Guaranty Company, as surety on the contractor's bond.

We will not set out the facts nor discuss the law relative to the alleged partnership relation, nor determine whether that relationship existed between said appellees, for it becomes unnecessary, in view of the disposition we make of the liability on the bond. Lawrence was the principal contractor, so denominated in the contract with the district and in the bond. Horton, for a consideration, agreed to finance Lawrence, who, being unable to give the necessary bond without indemnity, procured Horton to indemnify the U. S. Fidelity & Guaranty Company, and it executed the bond, conditioned as follows:

"The condition of this obligation is such that, if the said contractor shall pay all persons, firms or corporations who perform labor or furnish equipment, supplies, and material for use in the work thereunder, shall satisfy all claims against the district for damages to life, limb or property, or any of his agents or employees, and shall satisfy all suits or claims brought against the district arising from the violation of any law, ordinance, regulation, order or decree on the part of the contractor or any of his agents or employees; or from any infringements or alleged infringements of patents in the work under said contract; or howsoever originating from any of the operations under said contract; and shall fully indemnify and save harmless the district from all cost and damage which it may suffer by reason of failure to do so, and shall fully reimburse and repay the district all outlay and expense which the district may incur in making good any

such default, and in all other particulars shall faithfully perform the contract on his part according to all the terms, covenants and conditions thereof and within the time specified therein, then this obligation shall be void; otherwise to remain in full force and effect.''

The other pertinent provision of the bond is as follows:

''Third. No right of action shall accrue hereunder to or for the use or benefit of any one other than the district, and the district's rights hereunder may not be assigned without the written consent of the surety.''

The court entered a decree denying liability against Horton, holding that he was not a partner, and that the bonding company was not liable under its bond. Judgment was rendered against Lawrence, and appellant's complaint was dismissed for want of equity as to Horton and the U. S. Fidelity & Guaranty Company.

We think the court erred in not holding the bonding company liable as surety for Lawrence. The condition of the bond is ''that, if the said contractor shall pay all persons, firms or corporations who perform labor or furnish equipment, supplies and material *for use* in the work thereunder,'' etc. This condition is, in all material respects, the same as that in *Mansfield Lumber Co.* v. *National Surety Co.*, 176 Ark. 1035, 5 S. W. (2d) 294. In that case the condition in the bond was: ''Now therefore, * * * if the principal * * * shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect.'' It was there held that, even though the bond might be held not to be a statutory bond because not filed with and approved by the circuit clerk as provided by § 6916, C. & M. Digest, still, by reason of the language above quoted, ''its provisions and conditions are broad enough to cover the liability imposed by the statute had it been executed as the statute requires.'' So here, the language used, ''that, if the said contractor shall pay all persons, firms or corporations who perform labor or furnish equipment, supplies

and material for use in the work," is just as broad (if not broader) as that used in § 6913 of the Digest, which requires a bond conditioned that the contractor "shall pay all indebtedness for labor and material furnished in the construction of said public building, or in making said public improvements." The only reason this bond is not a statutory bond, if it is not, which we do not decide, is that it was not filed in the office of the circuit clerk, as provided by § 6914. We therefore hold that this case, in this respect, is ruled by *Mansfield Lbr. Co.* v. *National Surety Co., supra,* and that the bond executed by appellee, U. S. Fidelity & Guaranty Company, was not executed for the sole benefit of the drainage district, but for "all persons, firms or corporations who perform labor or furnish equipment, supplies and material for use in the work." Therefore such persons may sue on the bond, on that principle of law "that, when a promise is made to one, upon a sufficient consideration, for the benefit of another, the beneficiary may sue the promisor for a breach of his promise." *Mansfield Lumber Co.* v. *National Surety Co., supra; Stewart-McGehee Const. Co.* v. *Brewster,* 171 Ark. 197, 284 S. W. 53; unless the third clause in the bond heretofore quoted is a bar to such actions, to the effect that only the district may sue on the bond. This provision is plainly in conflict with the condition in the bond just discussed and with the law applicable thereto as stated. By the first condition the bond company has provided protection for a class of persons who, under the law, may sue, yet, by the last provision, it is provided they may not sue. Both cannot stand. Surety contracts of this character, with a paid surety, are regarded as in the nature of insurance contracts, and will be most strongly construed against the surety. *Union Indemnity Co.* v. *Forgey & Hanson,* 174 Ark. 1110, 1115, 298 S. W. 1032, and cases cited. Applying this rule to the contract in question, the third clause in the bond must give way to the first, and be given no force or effect.

The last proposition necessary for consideration is, whether the bond is liable only for material actually

entering into the work—such items as might be the basis of a mechanic's lien. We answer this question in the negative, as does the bond itself. It protected all persons who furnished supplies and material *"for use in the work,"* and not merely material actually entering into the work. Therefore all material and supplies furnished the contractor "for use in the work," or reasonably necessary to accomplish the purpose of the work, and which were delivered to the contractor for such use and purpose, are covered by the bond. There is no provision in the statute under which the work was being done giving laborers and materialmen a lien, and could not very well have been. For this reason the law requires the contractor to give a bond. The decisions of this court on bonds given to prevent liens on private property cannot be controlling here on this question, as this bond covers all labor and material done and furnished "for use in the work," and we are dealing with it on the assumption that it is not a statutory bond. Under this construction of the language of the bond, material furnished for bunk-houses, tent forms, cement sheds, a shop, and a commissary, would be covered by the bond if they were reasonably necessary for use in prosecuting the work, as would also cement and other material fabricated for this work and delivered to the contractor therefor, although not actually used therein because the work was stopped by the board, or for any other reason not due to the material furnisher.

By the plain provisions in the bond in suit appellees, Lawrence, the contractor, and his surety, the U. S. Fidelity & Guaranty Company, are bound to appellant as herein stated. The decree will therefore be reversed, and the cause remanded with directions to enter a decree in accordance with this opinion, and for such further proceedings according to law and the principles of equity as are not inconsistent herewith.