ÆTNA CASUALTY & SURETY COMPANY *v.* BIG ROCK STONE & MATERIAL COMPANY.

Opinion delivered September 30, 1929.

*Frauenthal, Sherrill & Johnson,* for appellant.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

KIRBY, J.    Appellee brought this suit against Herman & McCain Construction Company, the contractor for the erection of a building for the Little Rock Tent & Awning Company, the owner, and the appellant company, surety on the contractor's bond, for materials furnished the contractor and used in the construction of the building and not paid for.    Judgment was prayed against the contractor, the surety on his bond, and for a materialman's lien on the owner's lot upon which the building was constructed, for the materials furnished, and the surety has appealed from the judgment· rendered against it.

The contractor's bond, upon which the appellant company became surety, was made to the owner in the penal sum of $16,000, was not recorded with the clerk nor for double the amount of the contract price of the building, and provides:

"The contractor shall faithfully execute the contract, * * * and shall pay off and discharge claims for labor and material of whatever kind used in the construction of said work, * * * and shall turn over said work on completion to said owner in an undamaged condition, and free and clear of all liens and incumbrances whatever of mechanics or materialmen that may arise out of said contract."    The final clause of the contract reads:

"Now, if the said contractor shall fully and completely comply with all the provisions and conditions of said contract, and turn over said work to the said owner in an undamaged condition and free and clear of all liens and incumbrances whatever arising out of said contract, then this obligation shall be null and void."

The court found that no notice had been given by the material furnisher to the owner of intention to file a claim for a lien, and that none had been filed or suit

brought within 90 days from the time the last materials were furnished, but rendered judgment against appellant, surety on the bond, for the materials furnished. The bond by its terms does not indicate that it was intended to be given in compliance with the statute, § 6912, C. & M. Digest, for discharge of liens against buildings and improvements, and the court did not err in holding it not to be a statutory bond. *Mansfield Lbr. Co.* v. *National Surety Co.,* 176 Ark. 1035, 5 S. W. (2d) 294.

Appellant insists that, notwithstanding the surety bond be held not to have been given in compliance with the statute, under a correct and proper construction of its terms, it being executed solely for the benefit of the owner, it cannot be held to the payment of any claim for materials furnished or labor done upon the buildings which were not duly made a lien therefor. The bond provides: "The contractor shall faithfully execute the contract, * * * and shall pay off and discharge claims for labor and material of whatever kind used in the construction of said work, * * * and shall turn over said work on completion to said owner in an undamaged condition, and free and clear of all liens and incumbrances whatever of mechanics or materialmen that may arise out of said contract." However, the majority is of opinion, in which the writer does not concur, that the language used is sufficiently broad and inclusive to make the surety liable to pay off and discharge all claims for materials and labor used in the construction of the building, and the provision, if the contractor shall turn over said work to the owner "in an undamaged condition and free and clear of all liens and incumbrances whatever arising out of said contract, then this obligation shall be null and void," does not limit the liability to the payment of such claims for labor and materials furnished as constituted liens against the improvement, under the authority of the opinions in *Leslie Lbr. & Supply Co.* v. *Lawrence,* 178 Ark. 574, 11 S. W. (2d) 458; and *Mansfield Lbr. Co.* v. *National Surety Co., supra.*

4

The court is also of opinion that a reasonable construction of the terms of the bond shows it to have been made not only for the benefit of the owner, but for the benefit of materialmen and laborers as well, authorizing them to sue thereon for a breach of its terms. *Mansfield Lbr. Co.* v. *National Surety Co., supra.*

Appellant company being a paid surety and its contract one in the nature of a contract of insurance, it will be construed accordingly, most strongly against the surety. *Union Indemnity Co.* v. *Forgey & Hanson,* 174 Ark. 1110, 298 S. W. 1032; *Leslie Lbr. & Supply Co.* v. *Lawrence, supra.*

Finding no prejudicial error in the record, the judgment is affirmed.