JOHNSTON *v.* LINDSEY.

Opinion delivered March 16, 1931.

*Brewer & Cracraft,* for appellant.

*A. M. Coates,* for appellee.

HUMPHREYS, J. This suit was brought in the chancery court of Phillips County by appellants against appellees to recover $1,805.67, the value of materials they furnished to construct a building upon lots 34, 35 and 36 in Richmond Hill Addition to the city of West Helena in said county.

The suit is based upon a builders' bond executed by appellees to the Helena Building & Loan Association and conditioned that T. E. Lindsey, the owner of the lots, would construct a building thereon in accordance with plans filed by him with said association at a cost of not less than $3,500 and would "fully pay off and discharge all indebtedness incurred in the said construction to contractors, subcontractors, mechanics, laborers, materialmen, and any and all others who might in the absence of such payment obtain a lien on the real estate or building."

Appellees B. E. Leighton and J. C. Frazier, sureties on the bond, demurred to the complaint upon the ground that materialmen are not beneficiaries under the terms of the bond, and, for that reason, were without authority or right to maintain a suit upon the bond against them as sureties.

The demurrer to the complaint was sustained by the court, and the appellants refused to plead further, whereupon the complaint was dismissed for want of equity, from which is this appeal.

The only question for determination is whether the bond in question was made for the sole benefit of the Helena Building & Loan Association or for the benefit of the materialmen as well. The bond in form and substance is the kind of common-law bond usually executed

by contractors and bondsmen to protect the owner and builder against liens of laborers and materialmen. This court, in dealing with the liability of bondsmen on such bonds, has permitted a direct recovery from them by laborers and materialmen as being beneficiaries in the late cases of *Mansfield Lumber Co.* v. *National Surety Co.,* 176 Ark. 1035, 5 S. W. (2d) 294; *Leslie Lumber & Supply Co.* v. *Lawrence,* 178 Ark. 573, 11 S. W. (2d) 458; *Ætna Casualty & Surety Co.* v. *Big Rock Stone & Material Co.,* 180 Ark. 1, 20 S. W. (2d) 180. Appellees argue that the cases referred to deal with the liability of sureties on bonds of contractors and have no application to the instant case because the Helena Building & Loan Association was the obligee in the bond in question, whereas the owner of the property was the obligee in each of the cases referred to. The cases referred to did not turn upon the fact that the owner happened to be the only obligee specifically named in the bond. They turned upon the meaning of the language used in formulating the conditions in the bonds. The court interpreted the language used in formulating the conditions in the bonds as broad enough to include laborers and materialmen as beneficiaries therein. By reference to the bonds in the cases referred to it will be seen that the language used in formulating the conditions in the several bonds is, in substance, the same as that used in formulating the conditions in the bond now before us for construction. The construction, therefore, given the language in the cases referred to is applicable to the bond in question.

It follows that the court erred in sustaining the demurrer to the complaint and dismissing same. On account of this error the judgment is reversed, and the cause is remanded with directions to overrule the demurrer to the complaint and for further proceedings not inconsistent with this opinion.