NATIONAL SURETY COMPANY *v.* STANDARD LUMBER COMPANY.

4-2780

Opinion delivered December 12, 1932.

*Barber & Henry* and *Troy W. Lewis,* for appellant.

*Rowell & Rowell* and *W. B. Alexander,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment rendered in the circuit court of Jefferson County against appellant for $454.60 and interest on its surety bond conditioned for the payment of all labor materials to whomsoever due used in the construction of a school building in Fordyce Special School District No. 39 of Fordyce, Arkansas, provided suit be brought thereon within twelve months from the day on which the final payment under the contract falls due. The bond made the basis of the action is as follows:

"KNOW ALL MEN; that we, Tom Wilmoth, of Camden, Ark., hereinafter called the principal, and the National Surety Company, a New York corporation with its principal office located at No. 115 Broadway, in the city and State of New York, hereinafter called the surety or sureties, are held and firmly bound unto Fordyce Special School District No. 39 of Fordyce, Ark., hereinafter called the owner, in the sum of seven thousand eight hundred sixty-four dollars ($7,864) for the payment whereof the principal and the surety or sureties bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

"Whereas, the principal has, by means of a written agreement, dated September 25, 1930, entered into a contract with the owner for erection of a one-story brick veneer school building at Fordyce, Arkansas, a copy of which agreement is by reference made a part hereof;

"Now therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

"Provided, however, that no suit, action or proceeding by reason of any default whatever shall be brought on this bond after twelve months from the day on which the final payment under the contract falls due.

"And provided, that any alterations which may be made in the terms of the contract, or in the work to be done under it, or the giving by the owner of any extension of time for the performance of the contract, or any other forbearance on the part of either the owner or the principal to the other shall not in any way release the

principal and the surety or sureties, or either or any of them, their heirs, executors, administrators, successors, or assigns, from their liability hereunder, notice to the surety or sureties of any such alteration, extension, or forbearance being hereby waived.

"Signed and sealed this 1st day of October, 1930.
"In presence of          "as to Tom Wilmoth
     R. E. Wait, Jr.     "as to National Surety Company
"Attest Artie Lee.          "By Wm. E. Silliman,
                              "Agent & Atty. in fact."

The cause was submitted to the court, sitting as a jury, on the bond and under the following agreed statement of facts:

"That the amount of the account alleged to be due by Tom Wilmoth to the Standard Lumber Company is correct;

"That it is a balance due upon an account for material furnished and actually used in the school building in the town of Fordyce, Arkansas, under a contract entered into by the Fordyce Special School District No. 39, and Tom Wilmoth;

"That the bond was executed for the purpose of securing the faithful performance of said contract as set out in the bond;

"That said bond was not filed in the office of the circuit clerk of Dallas County, Arkansas, where said school building was located, until the 17th day of July, 1931, but that it was so filed on said date;

"That the complaint filed herein was not filed within the period of six months from the date of the completion of said job, but was filed within one year from the date of the execution of said bond, and within one year from the date of the completion of the job."

The only question presented by the appeal is whether the bond sued on was executed pursuant to and in accordance with §§ 1913 and 1914 of Crawford & Moses' Digest, which provides, among other things, that laborers and materialmen shall bring their suits within six months from the completion of the public improvement

or buildings; or whether executed independent of and without reference thereto. If a statutory bond, then appellee's suit was barred when instituted. If not a statutory bond, then the suit was brought within the time specified in the bond and was not barred.

There is nothing in the language of the bond indicating that it was intended to be a statutory bond, and nothing in the stipulation of facts so indicated. The requirements of the statute were not incorporated in the bond. It was ruled in the case of *Ætna Casualty & Surety Company* v. *Big Rock Stone & Material Company*, 180 Ark. 1, 20 S. W. (2d) 180, that a bond which did not indicate by its terms that it was intended to be in compliance with the statute could not be treated as a statutory bond.

This court also ruled in the case of *Mansfield Lumber Company* v. *National Surety Company,* 176 Ark. 1035, 5 S. W. (2d) 294, that a bond identical in form with the bond involved in the instant case, except as to names, dates, and amounts, was not a statutory bond.

This suit was brought within twelve months after the completion of the building and was not barred under the terms of the bond when brought.

The judgment therefore is affirmed.