BRANNAN *v.* PAUL SANDERS & SON.

4-6090                                              144 S. W. 2d 474

Opinion delivered November 11, 1940.

*Parker & Parker,* for appellant.

*M. M. Martin,* for appellee.

HOLT, J. Appellees, Paul Sanders & Son (plaintiffs below), filed suit in the Polk chancery court alleging that appellant, G. E. Brannan, owed them $179.68 upon an account for materials furnished to, and used by, appellant in building and repairing his dwelling. An itemized statement of the account was made a part of the complaint.

They further alleged that a copy of said account properly verified by affidavit as required by law was, on the 25th day of November, 1938, and within 90 days from the completion of the furnishing of said materials, filed in the office of the circuit clerk and ex-officio recorder of Polk county and same is now on file therein.

They further alleged their right to a lien upon the dwelling and grounds for the value of the materials and prayed judgment therefor, that a lien be decreed against the building and grounds, and that same be foreclosed and the property sold to satisfy the judgment and costs.

Appellant, Brannan, answered denying every material allegation set out in the complaint and by way of cross-complaint sought a judgment against appellees in the sum of $205. He further alleged that sometime in July, 1938, he entered into an oral agreement with appellees whereby they agreed to furnish all necessary materials, including the necessary labor, to make certain repairs on appellant's residence for a total sum of $125, and that appellees had breached this agreement to his damage in the sum of $205, as above indicated.

Upon the evidence introduced by the parties, the chancellor found (quoting from the decree):

"That the claim of the plaintiffs is founded upon an account for materials furnished to the defendant and for money paid for labor at the request of the defendant and situated upon the following described lands in Polk county, Arkansas, to-wit: Southwest quarter of northeast quarter and southeast quarter of northwest quarter in section 25 in township 2 south in range 31 west, which

said account amounts in the aggregate to the total sum of $179.68 for which sum the court doth find that plaintiffs are entitled to judgment.

"The court further finds that of the aforesaid sum found to be due and owing to the plaintiffs, the sum of $131.28, is for materials sold and furnished to the defendant and used in the repairing and improving of the residence situate on the lands above described and for which sum plaintiffs are entitled to a lien upon the said building and the land upon which the said building is located not exceeding one acre of said land.

"And the court further finds that the plaintiffs are entitled to judgment for the sum of $48.40 for money advanced by plaintiffs to pay for labor in the repairing and improving the said building, but that said sum or amount so advanced and paid by plaintiffs does not constitute a lien upon the said building and premises aforesaid," and entered a decree accordingly.

The contentions of the parties to this litigation are stated by appellant in his brief in the following language:

"It was the contention of the appellees that they had an agreement with appellant to furnish materials to a Mr. Ed Medford, whom they claimed was an employee of the appellant; also, they claimed that they were to pay the said Ed Medford for the work which was to be done and that appellant was to repay appellees after the work was completed.

"It is the contention of appellant that no such agreement was had, but that appellees agreed to make the repairs upon the appellant's home for the sum of $125 and furnish the material and labor necessary to make the repairs.

"The only questions involved in this case, as we see it, is did the appellees actually have a materialman's lien on the appellant's home or did the appellees breach their contract with appellant?"

We think there can be no question, on the record before us, but that appellees had perfected and acquired a lien for materials on appellant's property and that the statutory requirements had been fully complied with as

to this lien. Sections 8865-8881, Pope's Digest. Appellant's contention that no notice of appellees' intention to file the lien was given in accordance with the provisions of § 8876 of Pope's Digest is without merit, for the reason that appellees in this case were the original contractors who contracted directly with appellant and, therefore, no notice was necessary.

In *Hess* v. *A. L. Ferguson Lumber Company*, 155 Ark. 240, 244 S. W. 5, this court said: "It is next insisted that the decree should be reversed because appellees did not give ten days' notice before the filing of their lien, as required by § 6917 of Crawford & Moses' Digest [now § 8876 of Pope's Digest]. The material was furnished under a direct contract with the owner, who was liable as on an original undertaking, and the notice required by the statute was not necessary."

What the conditions of the oral contract, or agreement, entered into between appellant and appellees were, must be determined from the evidence. While we try this case *de novo*, we do not reverse on a question of fact unless we should conclude that the chancellor's findings were not supported by a preponderance of the testimony. *Woods* v. *Spann*, 190 Ark. 1085, 82 S. W. 2d 850. We think it would serve no useful purpose to set out the testimony relied upon by the parties as supporting their contentions on this issue since it is in conflict. Suffice it to say, that after a review of the evidence as reflected by this record it is our view that the findings of the chancellor are not against the preponderance thereof.

In *Benton* v. *Southern Engine & Boiler Works*, 101 Ark. 493, 142 S. W. 1138, this court held (quoting headnote): "It is the duty of the Supreme Court to try chancery cases *de novo*, and in doing so the court gives much weight to the finding of the chancellor upon conflicting evidence; and where the testimony is evenly poised or the chancellor's finding is not clearly against the preponderance of the testimony, such finding will not be disturbed."

No error appearing, the decree is affirmed.