Trinity Universal Insurance Company *v.* Willbanks.

4-6087                                                  144 S. W. 2d 1092

Opinion delivered November 18, 1940.

*Buzbee, Harrison, Buzbee & Wright,* for appellant.

*Donham, Fulk & Mehaffy* and *Cooper Jacoway,* for appellee.

McHANEY, J. On October 18, 1938, appellee, Willbanks entered into a written contract with Alfred M. Bracy, a building contractor, whereby the latter was to construct a residence and garage for the former according to plans and specifications at an agreed price of $7,798. On the same day appellant issued its bond guaranteeing the performance of the contract, in which Bracy was principal, appellant was surety and Willbanks obligee, and in which the penalty of the bond was fixed at $7,798. Bracy entered upon the construction of the buildings and completed same, but failed to pay all labor and material bills for which liens were filed and established totaling $1,498, including the claim of appellee, Stebbins & Roberts, Inc., in the sum of $127.20. Bracy died and Van Manning was appointed administrator of his estate. Thereafter, Willbanks brought suit against Bracy's administrator, appellant and all lien-claimants to determine his rights under the bond. Appellant answered denying liability under its bond on grounds hereinafter mentioned. Stebbins & Roberts, Inc., intervened claiming a lien by virtue of a contract with Willbanks for the sale of wallpaper. There is no dispute as to any other lien-claimant. Trial resulted in a judgment against appellant and the administrator

for $1,489.80 which included the claim of Stebbins & Roberts, Inc., for $127.20, and a lien on the property was fixed, all claims bearing interest at 6 per cent. from December 4, 1939, less a credit of $391.75 retained by Willbanks and not paid to Bracy, which was the net amount held by Willbanks after deducting an allowance of $50 to complete certain minor repairs and adjustments found by the architect to be necessary in order to complete the construction contract. From this judgment there is an appeal and a cross-appeal by Willbanks as to the Stebbins & Roberts, Inc., claim.

For a reversal of this judgment appellant first says the court erred in allowing as a lien covered by its bond the claim of Stebbins & Roberts, Inc. The last material was furnished by the latter on January 11, 1939. On April 4, 1939, it gave notice to Willbanks that it would file its claim for a lien and on April 10, only six days after notice, it filed its affidavit for a lien. By § 8876, Pope's Digest, the lien claimant is required to give 10 days' notice to the owner, and its cross-complaint was not filed within 90 days after furnishing the last material. It would appear, therefore, that the lien must fail, unless the claimant sold his material directly to the owner, in which case the notice is not necessary. *Hess* v. *A. L. Ferguson Lbr. Co.*, 155 Ark. 240, 244 S. W. 5. The trial court found there was such a contract and sustained the lien. This finding depends on the evidence which is in dispute and we cannot say this finding is against the preponderance thereof.

But, appellant says that if such is the case, its bond does not cover "for the reason that the bond never had any relation to contracts of the owners to a third party." We cannot agree. The contract, plans and specifications provided for papering the house to the taste of the owner and the contractor made an allowance of $125 to cover the cost of these materials and it could make no possible difference to appellant whether Willbanks purchased the material or Bracy did. The court correctly allowed this claim as a lienable one against the property and as one covered by the bond.

It is next argued by appellant that its bond was discharged because the construction contract was altered in excess of ten per cent. of the contract price without the consent of the surety, in violation of such a provision in the bond. It is undisputed that the contract price was $7,798 and the revised contract price was $9,389.85. The contract between Bracy and Willbanks provided: ''The general conditions of the contract, the specifications and drawings, together with this agreement, form the contract, and they are as fully a part of the contract as if hereto attached or herein repeated.'' Another provision is: ''Contractor for the general construction will be required to furnish a surety bond equal to 200 per cent. of the contract price.''

Willbanks paid the premium on this bond and it is undisputed that the premium charged would have been no more, if the 200 per cent. provision had been complied with. We are of the opinion that appellant, by executing the bond for the faithful performance of the contract which provided that the plans and specifications were a part thereof, must be held to have executed a bond for 200 per cent. of the contract, or in other words that provision will be read into the bond, because the parties so contracted. In this respect, our decisions holding that in a statutory bond the provisions of the statute will be read into the bond although omitted therefrom are in point. Such is the general rule supported by many of the decided cases. It is thus stated in 8 Am. Jur., p. 723, § 38: ''A bond that is executed in conjunction with a contract or other accompanying instrument must be read in the light of the terms thereof.'' See, also, 11 C. J. S., p. 423, § 43. Among our own cases on reading the statute into the bond is *Union Indemnity Co.* v. *Forgy & Hanson*, 174 Ark. 1110, 298 S. W. 1032, where the late Chief Justice HART, for the court, said: ''Neither do we think that the fact that the bond was not executed in a sum not less than double the sum total of the contract is fatal to it. The Union Indemnity Company was organized for the very purpose, among others, of becoming surety on bonds of this sort, and was paid for so

doing. It cannot escape the plain terms of its contract by executing a bond for a less sum than that required by the statute. It is in the nature of a contract of insurance, and should be most strongly construed against the surety. *U. S. Fidelity & Guaranty Co.* v. *Bank of Batesville,* 87 Ark. 348, 112 S. W. 957; *American Bonding Co.* v. *Morrow,* 80 Ark. 49, 96 S. W. 613, 117 Am. St. 72; *Title Guaranty & Surety Co.* v. *Bank of Fulton,* 89 Ark. 471, 117 S. W. 537, 33 L. R. A. (N. S.) 676; and *Equitable Surety Co.* v. *Bank of Hazen,* 121 Ark. 422, 181 S. W. 279.''

Now, since the bond, so construed, must be held to be a bond for double the penalty named therein, or one for $15,596, there was no violation of the ten per cent. clause.

The final contention for reversal is that Willbanks violated the bond and thereby discharged appellant because he did not retain in his hands 10 per cent. of the contract price which it is said is required by § 4 of the bond. It provides: ''Fourth. . . . That the obligee shall also retain that proportion, if any, which such contract specifies the obligee shall or may retain of the value of all work performed or materials furnished in the prosecution of such contract (not less, however, in any event, than ten per centum of such value), until the complete performance by the principal of all the terms, covenants and conditions of said contract on the principal's part to be performed.''

In order to determine whether there has been such a violation, we must read the construction contract, for the faithful performance of which the bond was given to secure. Articles 4 and 5 of said contract provide for progress payments and acceptance and final payment. Payments were to be made on the certificate of the architect. It is undisputed that Willbanks made payments only on the certificate of the architect in strict compliance with the construction contract. We have many times held the decision of the architect is binding on both parties to the contract. *Boston Store* v. *Schleuter,* 88 Ark. 213, 114 S. W. 242. In 17 C. J. S., § 498, p. 1025,

the general rule is stated as follows: "The decision or certificate (of the architect) when made final, is binding in its legal operation and effect on the owner, the contractor, and the other parties, if any, to the contract, including those guaranteeing its faithful performance."

We, therefore, hold there was no violation of the retained percentage clause. The judgment will be affirmed both on appeal and the cross-appeal.